UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH ALVAREZ,<br>Plaintiff,<br>v.<br>KIMBALL TIREY & ST. JOHN, LLP, et al.,<br>Defendants. | Case No.: 26-cv-04881-AJB-JAC<br><br>**ORDER DENYING JOINT MOTION FOR EXTENSION OF TIME TO RESPOND TO COMPLAINT**<br><br>(Doc. No. 14) |

Before the Court is the Joint Motion for Extension of Time to Respond to Complaint filed by Plaintiff Joseph Alvarez ("Alvarez") and Defendant Experian Information Solutions, Inc. ("Experian"). (Doc. No. 14.) The motion is **DENIED** for the following reasons.

On August 26, 2026, Alvarez initiated this action against Experian and other defendants. (Doc. No. 1.) On October 1, 2026, Alvarez effected service on Experian. (Doc. No. 5.) Experian's deadline to submit a responsive filing was accordingly October 22, 2026. Fed. R. Civ. P. 12(a)(1)(A)(i).

On October 22, 2026, Alvarez and Experian moved to continue Experian's deadline to November 23, 2026. (Doc. No. 14.) Alvarez and Experian contend that good cause exists to extend the deadline because Experian needs time "to further investigate Plaintiff's claims and adequately respond to the Complaint, and to give the parties the opportunity to discuss early settlement." (*Id.* at 2.)

The motion does not comply with the Court's Civil Case Procedures.

> Requests to continue or reschedule a . . . date or deadline must be made by a motion filed **no less than 7 days prior to the date the parties seek to change** and include **specific details** addressing (1) the original date and proposed date; (2) good cause for the requested change; (3) the number of previous continuances and requests that have been made; (4) whether previous requests were granted or denied; (5) how this request will impact other dates or deadlines, and (6) how the parties fulfilled the Court's meet-and-confer requirement. Such a motion must be supported by a detailed declaration, explaining the specific reasons and averring that the meet and confer requirement was met.
>
> Requests made fewer than 7 days prior to the date the party seeks to change must address excusable neglect for the request's untimeliness.

J. Battaglia Civ. Case Proc. § IV.C. Alvarez and Experian filed their motion on October 22, 2026—the day of the deadline they seek to continue. (*See* Doc. No. 14.) The parties do not include a declaration in support of the request, much less a detailed declaration explaining the specific reasons the extension is needed. (*See* Doc. Nos. 10; 11.) Nor does the motion address whether there is excusable neglect for the untimely nature of the request. (*See* Doc. Nos. 10; 11.)

The Court previously admonished Alvarez's counsel "to review the undersigned's Civil Case Procedures" and explained that "[f]uture motions may be denied for non-compliance." (Doc. No. 12.) This admonition was docketed and available for Experian's counsel to see. (*Id.*) Counsel did not heed the admonition. (*See* Doc. No. 14.)

Accordingly, the motion is **DENIED without prejudice**. (*Id.*) If Experian fails to submit a responsive filing by **October 30, 2026**, the Court will direct the Clerk of Court to enter default against Experian. Fed. R. Civ. P. 55(a).

The Court repeats its admonition to counsel to review the undersigned's Civil Case Procedures. Again, future motions may be denied for non-compliance.

**IT IS SO ORDERED**.

Dated: October 23, 2026

Hon. Anthony J. Battaglia
United States District Judge